THE STATE OF OHIO, APPELLEE, *v.*
COYLE, APPELLANT.

(No. 1877—Decided January 25, 1984.)

*Ms. Peggy J. Schmitz,* assistant prosecuting attorney, for appellee.

*Mr. Christopher Brown,* for appellant.

BAIRD, J. Defendant-appellee Brian G. Coyle was convicted of reckless operation of a motor vehicle in violation of R.C. 4511.20 and was fined $100 and his license was suspended for six months. We affirm.

Coyle was cited for reckless operation and driving while under the influence of alcohol in violation of R.C. 4511.19 as a result of a collision in which he was involved. Coyle was driving his car on Main Street in Rittman when he crossed the center line and struck an oncoming car. Coyle was taken to the hospital where he was treated for minor injuries and then released. His passenger suffered minor injuries.

Coyle received appointed counsel, pleaded not guilty to both charges and requested a jury trial. The prosecution nolled the charge of driving under the influence and Coyle's appointed attorney was dismissed. Coyle proceeded to a trial before the court on the charge of reckless operation. The trial judge found him guilty of reckless operation, imposed a $100 fine and ordered that Coyle's license be suspended for six months.

### Assignment of Error I

"The trial court erred in not securing a written waiver of jury where proper demand had been made."

R.C. 2945.17 provides:

"At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except in cases in which the penalty involved does not exceed a fine of one hundred dollars, the accused has the right to be tried by a jury."

At the time Coyle filed his request for a jury trial he was charged with driving under the influence, for which the penalty is a fine in excess of $100 and a possible jail term. At the time this charge was nolled any right to a jury trial which was attached to it was also extinguished. In order for any right to a jury to exist at the time of trial, such right must be independent of the nolled charge and be derived solely from the reckless operation charge. We find that no independent right exists with respect to that charge in this situation.

A license to operate a motor vehicle is a privilege which is granted by the state subject to limitations which may be imposed. Coyle's license was suspended pursuant to R.C. 4507.34 which provides:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."

The court notes that the suspension of a license under R.C. 4507.34 is one of the limitations imposed. The court in *State* v. *Newkirk* (1968), 21 Ohio App. 2d 160, 164-165 [50 O.O.2d 253], in discussing the difference between a criminal penalty and a sanction imposed with regard to the driver's license, stated:

"* * * Further, Section 4507.34, Revised Code, must be distinguished, because it is not a criminal statute. Section 4507.34 makes no provision for either a fine or imprisonment but provides only that a court of record has discretionary power to suspend the license to operate a motor vehicle — *i.e.,*

the privilege — of one convicted or pleading guilty of operating a motor vehicle in violation of laws or ordinances relating to reckless operation."

We' agree with this reasoning and adopt it in this case.

In the present case the trial court imposed the $100 fine as the criminal sanction. The suspension of Coyle's license was done to enforce the conditions of the privilege regarding his driver's license. The two acts were performed by the court under separate authority and may not be integrated to result in a defendant's right to a trial by jury. Accordingly, the first assignment of error is overruled. * * * ■

### Assignment of Error III

"The trial court erred in sentencing the defendant-appellant to the maximum fine allowable as a penalty upon conviction."

The appellant alleges the sentence imposed by the trial court was too severe. Upon a finding of guilty the trial court could have fined Coyle $100 and suspended his license for a period of one year. The appellant received only a $100 fine and a six-month license suspension.

The sentence imposed by the trial court was within the limits prescribed by statute. The Supreme Court in *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22 [34 O.O.2d 13], paragraph one of the syllabus, held:

"The Court of Appeals cannot hold that a trial court abused its discretion by imposing too severe a sentence on a defendant convicted of violating an ordinance, where the sentence imposed is within the limits authorized by the applicable ordinance and statutes and there is nothing in the record to indicate whether defendant had a past criminal record or what his driving record was or

that the trial court in sentencing defendant did not consider any such past records."

Accordingly, we cannot find the trial court abused its discretion in imposing the sanctions which it did upon Coyle. The third assignment of error is overruled.

### Summary

The assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

Mahoney, P.J., and George, J., concur.