OPINION
Appellant, Eric E. Showalter, appeals a final judgment of the Portage County Court of Common Pleas in which he was sentenced to two concurrent six-year terms of incarceration after pleading guilty to two second degree felonies. The following facts are relevant to a determination of this appeal.
On September 30, 1998, appellant was indicted by the Portage County Grand Jury on one count of burglary, and one count of complicity to burglary, both second degree felonies. On January 19, 1999, appellant pled guilty to both counts. A presentence investigation was ordered and the matter proceeded to a sentencing hearing on April 15, 1999. On April 23, 1999, appellant was sentenced to a prison term of six years on each count, with the sentences to run concurrently. On May 6, 1999, appellant moved the trial court to withdraw his guilty plea. A hearing on the motion was conducted on May 20, 1999, at which time it was overruled. Appellant filed a notice of appeal on the same day and has now set forth the following assignment of error:
 "The trial court erred when, contrary to the evidence and the mandates of R.C. 2929.14(A)(2) and (B) and R.C. 2929.13(A), the court sentenced Eric Showalter, a first-time offender, to concurrent six-year prison terms."
 In his sole assignment of error, appellant asserts that the trial court erred when it sentenced him to concurrent six-year prison terms. Specifically, appellant contends that as a first-time offender, the trial court was required to follow the statutory mandates of R.C. 2929.14 when it sentenced him. R.C. 2929.14 provides, in pertinent part:
 "(A) [I]f the court imposing a sentence upon an offender for a felony elects * * * to impose a prison term on the offender * * * the court shall impose a definite prison term that shall be one of the following:
"* * *
 "(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 "(B) [I]f the court imposing a sentence upon an offender for a felony elects * * * to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 It is appellant's assertion that the trial court violated this statute by failing to even mention, much less make a finding on the record, that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. Appellant relies on this court's opinion in State v. Edmonson
(Sept. 25, 1998), Portage App. No. 97-P-0067, unreported, to support his argument. In Edmonson, we construed R.C. 2929.14 as requiring a trial court to make findings of fact on the record demonstrating why the minimum term of imprisonment was not imposed upon a first-time felony offender. We stated that a trial court did not satisfy its duty by merely repeating the relevant words of the statute. Instead, we concluded that R.C. 2929.14(B) required "a factual finding which would encompass the operative facts upon which that finding is based." Id. at 16.
However, Edmonson was appealed to the Supreme Court of Ohio. In Statev. Edmonson (1999), 86 Ohio St.3d 324, while the court ultimately affirmed our decision, it disagreed with our holding that the trial court was obliged to state the "operative facts" upon which the court relied in making this finding. The Supreme Court held:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future claims before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) Id. at syllabus.
 Instead, the Supreme Court of Ohio held that it is not necessary for the trial court to offer the reasons underlying its finding provided that the court specify on the record that one or both reasons set forth in R.C. 2929.14(B) justify a sentence which is longer than the minimum. Id. at 327. In State v. South
(June 23, 2000), Portage App. No. 98-P-0050, unreported, this court had the opportunity to address the underlying issue post- Edmonson. We concluded that a trial court is "required to make an express finding on the record that the shortest prison term would demean the seriousness of [the defendant's] conduct or would not adequately protect the public from future crime by him or others." Id. at 9. More importantly, for purposes of the case at bar, we expressly held that "[t]he requisite finding could [be] either an oral pronouncement during the course of the sentencing proceeding or a written statement contained in the sentencing entry." (Emphasis added.) Id.
A review of the record in the case sub judice reveals that the trial court complied with the law as it now exists in Ohio. Specifically, during the sentencing proceeding, after discussing its reasoning, the court stated:
 "* * * in view of the seriousness and recidivism factors, it is the opinion of this Court that a non prison sanction would not adequately punish the offender and protect the public from future crimes and that a non prison sanction would demean the seriousness of the offense."
 Based upon the decision of the Supreme Court of Ohio in Edmonson, supra, we conclude that the trial court complied with R.C. 2929.14(B). Hence, appellant's argument is without merit.
Appellant also argues that even if the trial court met the requirements set forth in R.C. 2929.14(B), the record does not support the conclusion that the shortest prison term would demean the seriousness of his conduct or fail to adequately protect the public from future crime.
The standard of review in examining a sentence is whether the record clearly and convincingly supports the sentence. R.C. 2953.08(G)(1)(a). In determining an appropriate sentence, the trial court must balance the factors set forth in R.C. 2929.12.
We have specifically addressed this issue previously in State v.Layfield (Mar. 31, 1999), Lake App. No. 98-L-005, unreported. There, we stated:
 "A trial court is granted broad discretion in sentencing. In State v. Cyrus (1992), 63 Ohio St.3d 164, 166, the Supreme Court of Ohio stated:
 "`This court has held that: "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12" State v. Adams
(1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; accord State v. O'Dell (1989), 45 Ohio St.3d 140, 147, 543 N.E.2d 1220, 1227. Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria.'
"Additionally, this court has stated:
 "`"[I]t is well established that where the sentence imposed is within the statutory limits, the appellate court cannot hold that the trial court abused its discretion by imposing too harsh a sentence. State v. Coyle (1984), 14 Ohio App.3d 185 ." State v. Sauers (Dec. 11, 1992), Portage App. No. 92-P-0015, unreported.' State v. Brown (1993), 88 Ohio App.3d 509, 513." Id. at 10.
 In the present case, the sentence was within the statutory guidelines and the trial court enumerated which of the factors it found to be applicable and how they affected its final decision. Appellant has failed to show that the trial court did not consider the sentencing criteria. Thus, appellant's second argument is also without merit.
Based upon the foregoing analysis, the trial court did not err in sentencing appellant to concurrent six- year terms.
The judgment of the trial court is affirmed.
______________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment.