OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Michael S. Norwood, appeals from the trial court's decision to deviate from the minimum sentence and also impose consecutive sentences.
On August 18, 1999, the Lake County Grand Jury rendered a twelve count indictment against appellant. On February 8, 2000, appellant appeared before Judge James W. Jackson ("Judge Jackson") to withdraw his former plea of not guilty and enter a written plea of guilty as to the following charges: count two, trafficking in cocaine, a felony of the fifth degree, in violation of R.C. 2925.03; count three, trafficking in cocaine within the vicinity of a juvenile, a felony of the fourth degree, in violation of R.C. 2925.03; counts seven and nine, trafficking in cocaine, felonies of the fifth degree, in violation of R.C. 2925.03, with a forfeiture specification; count ten, trafficking in cocaine, a felony of the fourth degree, in violation of R.C. 2925.03; and count eleven, possession of cocaine, a felony of the fourth degree, in violation of R.C. 2925.11, with a forfeiture specification.
Upon application by the state and for good cause shown, the trial court entered a nolle prosequi to the remaining charges. The trial court formally accepted the pleas through a judgment entry dated February 14, 2000, and referred the matter to the probation department for the preparation of a presentence investigation report and a drug and alcohol assessment.
This matter came on for a sentencing hearing on April 6, 2000. Apparently, Judge Jackson was unable to sentence appellant due to an illness.[1] As a result, Judge Robert B. Ford ("Judge Ford"), sitting by assignment in Judge Jackson's absence, presided over the sentencing hearing.[2]
At the close of the sentencing hearing, the trial court imposed the following sentence on appellant: six months in prison for counts two and three, which were to run concurrent to each other; six months in prison on counts seven, nine and ten, which were to run concurrent to each other and consecutive to counts two and three; and sixteen months in prison on count eleven, which was to run consecutive to the sentence imposed on counts two, three, seven, nine and ten, for a total prison term of twenty-eight months.[3]
An amended judgment entry of sentence dated April 28, 2000, reflects the pronouncement of appellant's sentence at his sentencing hearing. From this judgment, appellant timely filed a notice of appeal, and asserts the following assignments of error for our consideration:
 "[1.] The trial court subjected defendant-appellant to cruel and unusual punishment in violation of the Ohio and United States Constitutions when it sentenced him to twenty-eight (28) months incarceration.
 "[2.] The trial court abused its discretion when it imposed twenty-eight (28) months incarceration upon defendant-appellant.
 "[3.] The defendant-appellant's consecutive sentences were imposed contrary to law and are not supported by the record and must therefore be vacated and ordered to be served concurrently."
 For organizational purposes, we will address the second assignment of error first, then proceed to consider the third and first assignments of error.
Under the second assignment of error, appellant presents three separate issues for our review. First, he argues that based on the sentencing judge's unfamiliarity with the case and his confusion with the presentence investigation report, the judge's attitude towards appellant was arbitrary, unconscionable or unreasonable, and thus, contributed to the length of his sentence. According to appellant, the sentencing judge seemed confused during the sentencing hearing and attributed certain characteristics to appellant which were not true, such as that he denied selling drug and did not have stable employment.
A review of the sentencing hearing transcript reveals that any misunderstanding or misstatement uttered by the sentencing judge was immediately clarified either by appellant, his attorney, the prosecuting attorney, or the probation officer. Furthermore, according to the psychological evaluation, appellant, in fact, "denied the offenses took place [,]" and revealed he "lack[ed] a stable employment history [.]" As for the presentence investigation report, it indicated that "[appellant] reported he has been unemployed since the accident in September 1999." Thus, there was support for the sentencing judge's initial belief that appellant lacked stable employment and seemed to have denied the charges against him.
Second, appellant maintains that since he had not previously served a prison term, he should have received the minimum term of six months concurrent for each offense as required by R.C. 2929.14(B).[4]
Before addressing the substance of appellant's argument, we need to articulate the appropriate standard of review.[5] In accordance with R.C. 2953.08, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v.Fitzpatrick (Dec. 2, 2000), Lake App. No. 99-L-164, unreported, at 8, 2000 Ohio App. LEXIS 5608.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, the Supreme Court of Ohio construed R.C. 2929.14(B) to mean that the trial court must impose the shortest prison term authorized on a felony offender who has not served a previous prison term, unless the court finds on the record that to do so would demean the seriousness of the offense or, alternatively, that such a term will not adequately protect the public from future crime by the offender or others.
A trial court, however, is not required to give the reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. Edmonson at syllabus; Fitzpatrick at 9; State v.South (June 23, 2000), Portage App. No. 98-P-0050, unreported, at 13-14, 2000 Ohio App. LEXIS 2768; State v. Finks (June 9, 2000), Portage App. No. 98-P-0129, unreported, at 6, 2000 Ohio App. LEXIS 2488. Rather, in sentencing an offender to first-time imprisonment, the trial court must merely specify on the record that one or both reasons set forth in R.C.2929.14(B) justify a sentence which is longer than the minimum.Fitzpatrick at 9-10; South at 13-14; Finks at 6.
In the present case, because appellant had not previously served a prison term, the trial court was required to make an express finding on the record that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by him or others. "The requisite finding could have been either an oral pronouncement during the course of the sentencing proceeding or a written statement contained in the sentencing entry." South at 11.
After reviewing the record, it is apparent that the trial court found one of the sanctioned reasons enumerated under R.C. 2929.14(B) for deviating from the minimum sentence. Specifically, the trial court stated in its amended judgment entry of sentence that "[t]he Court finds pursuant to Revised Code Section 2929.14(B) that the shortest prison term will not adequately protect the public from future crime by [appellant] or others." As a result, we conclude that the trial court made the required findings to deviate from the minimum sentence, and that it subsequently put those findings on the record.
Furthermore, after reviewing the statements presented at the sentencing hearing, the presentence investigation report, and the psychological evaluation, we hold that the record supports the sentence. While it is true that appellant had no prior convictions that resulted in a prison term, he was no stranger to the juvenile court system. Even after appellant turned eighteen, he remained involved in criminal conduct, such as criminal trespass, prowling, assault, disorderly conduct and resisting arrest. Appellant even served time in a county jail facility. When considering these factors, which indicate that appellant is likely to re-offend, the record supports the trial court's finding that the shortest sentence would not protect the public from appellant. Therefore, we conclude that the record does adequately support the trial court's finding with respect to R.C. 2929.14(B).
In the third issue presented under the second assignment of error, appellant claims that it was improper for the trial court to impose the maximum sentence because the court's finding that appellant committed the "worst" form of the offense is without sound reasoning.
As discussed earlier in this opinion, R.C. 2929.14 provides guidelines for the lengths of prison terms. Specifically, under R.C. 2929.14(A)(4) and (5), a felony of the fourth degree is punishable by six to eighteenmonths, while a felony of the fifth degree is subject to six to twelvemonths.
When considering these sentencing guidelines, it is evident that the trial court never imposed the maximum sentence upon appellant for any of his offenses. Since appellant was not sentenced to the maximum term allowable for any of the charges, to-wit: eighteen months for a felony in the fourth degree or twelve months for a felony in the fifth degree, R.C. 2929.14(C) is inapplicable. Furthermore, contrary to appellant's assertion, the trial court never made a finding, either during the sentencing hearing or in its judgment entry, that appellant committed the worst form of the offense. For the reasons stated above, appellant's second assignment of error is not well-taken.
Now, we consider the third assignment of error. Here, appellant submits that the trial court failed to make the requisite findings required by R.C. 2929.19(B)(2)(c) and R.C. 2929.14(E)(4) when it imposed consecutive sentences.
Before a trial court may impose consecutive sentences, it must make the findings contained in R.C. 2929.14(E)(4) on the record. Fitzpatrick at 13. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must find that one of the additional factors listed in R.C. 2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Fitzpatrick at 13-14.
Additionally, when consecutive sentences are imposed under R.C. 2929.14, the trial court must also comply with R.C. 2929.19(B)(2)(c), which demands that the trial court justify its imposition of consecutive sentences:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]" (Emphasis added.)
 In the instant matter, the trial court satisfied the initial requirement of R.C. 2929.14(E)(4) by finding in its judgment entry that "consecutive sentences [were] necessary to protect the public from future crime or to punish [appellant] and [were] not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public * * *." Further, the trial court not only found one of the factors listed in R.C. 2929.14(E)(4), it found two, to wit: subsection (b) and (c).
However, the trial court failed to set forth its reasons for selecting the consecutive sentences as required by R.C. 2929.19(B)(2)(c). While the trial court found "[appellant's] history of criminal conduct demonstrate[d] that consecutive sentences [were] necessary to protect the public from future crime by [appellant][,]" this did not satisfy the requirements of R.C. 2929.19(B)(2)(c) to provide reasons why consecutive sentences were imposed. See, e.g., State v. Gonzalez (Mar. 15, 2001), Cuyahoga App. No. 77338, unreported, at 10, 2001 WL 259186. Rather, it was merely one of the findings made by the trial court pursuant to R.C.2929.14(E)(4)(c).
Thus, appellant's assertion becomes moot that the record fails to support any of the requirements enumerated under R.C. 2929.14(E)(4)(a)-(c). Accordingly, appellant's third assignment of error is meritorious to the limited extent indicated.
Turning to appellant's first assignment of error, he suggests that the imposition of a twenty-eight month sentence violated the constitutional prohibition against cruel and unusual punishment. To support his argument, appellant claims that the total sentence imposed upon him was disproportionate to the seriousness of his conduct and was not consistent with sentencing for the same crimes in other jurisdictions.
As explained in the preceding discussion, the sentences meted out were in conformity with the statutory guidelines of R.C. 2929.14(A)(4) and (5). "When the sentence imposed is within the statutory limits, the court of appeals cannot hold that the trial court abused its discretion by imposing too severe a sentence." State v. Smelcer (1993),89 Ohio App.3d 115, 127, citing State v. Coyle (1984), 14 Ohio App.3d 185,186. See, also, McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69.
As a result, there is no per se constitutional prohibition against the stacking of sentences. State v. Wilkinson (1969), 17 Ohio St.2d 9, paragraph three of the syllabus. Thus, appellant's claim must be that it is unconstitutional as applied to him. Pursuant to our previous discussion, we do not know why the trial court imposed consecutive sentences.
Absent the explanation from the trial court regarding the imposition of consecutive sentences, we are unable to evaluate if, based on the court's reasoning, the combined twenty-eight month prison term was sufficiently disproportionate to the offenses so as to shock the community's sense of justice. It was certainly not disproportionate per se. The first assignment of error is, therefore, premature.
Based on the foregoing analysis, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion and law. On remand, the trial court is instructed to comply with R.C. 2929.19(B)(2)(c) in that it must set forth its reasons on the record for imposing consecutive sentences.[6]
JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] The record does not indicate the specific reason why Judge Jackson was unable to conduct the sentencing hearing.
[2] In his appellate brief, appellant admitted "he acquiesced to the sentencing by Judge Ford." Accordingly, appellant does not argue on appeal that it was improper for Judge Ford to conduct the sentencing hearing. Rather, he believes that Judge Ford appeared to be unfamiliar with the case.
[3] It should be noted that the trial court did not sentence appellant to the maximum term of imprisonment permitted for each of his felony convictions. R.C. 2929.14 delineates guidelines for the lengths of prison terms. According to R.C. 2929.14(A)(4), the range of sentence terms for a felony of the fourth degree is six to eighteen months while R.C. 2929.14(A)(5) sets forth six to twelve months for a felony of the fifth degree.
[4] As reflected in the April 28, 2000 amended judgment entry of sentence, appellant received the minimum sentence of six months for counts two, three, seven, nine, and ten, which involved fourth and fifth degree felonies. However, with respect to count eleven, a sixteen month prison term was imposed. We note that this is the only charge where the trial court deviated from imposing the minimum sentence, but imposed less than the maximum sentence.
[5] In his appellate brief, appellant incorrectly submits that the standard of review is an abuse of discretion.
[6] To avoid further confusion, we suggest that this case be remanded either to Judge Jackson or Judge Ford.