DECISION AND JUDGMENT ENTRY
Defendant-Appellant Robert W. Conrad appeals the judgment of the Vinton County Court of Common Pleas which, inter alia, ordered him to pay restitution in the amount of $34,786.80.
Conrad argues that the trial court's restitution order is against the manifest weight of the evidence. Further, he argues that the order is erroneous because he will be unable to pay it and, thus, will be jailed "solely based on an individual's inability to pay a fine."
We find appellant's arguments to be without merit and affirm the judgment of the trial court.
I. The Proceedings Below
In June 1999, Defendant-Appellant Robert W. Conrad entered into a contract to build a home for James and Diane Batey. Among other things, this contract set forth the methods by which Conrad would be paid for his work.
First, the Bateys were required to give Conrad a $19,000 down payment toward the completion of the home.
Second, the contract set forth a draw schedule. According to this schedule, Conrad would be paid incrementally — a draw — each time he completed an agreed-upon phase of the house. For him to receive such a draw, Conrad had to provide sworn certification that a phase of the home was completed and that the subcontractors were paid in full.
The first phase of the house was to be the construction of the basement walls. At the completion of this phase, Conrad would be permitted to take the first draw.
In July 1999, despite having completed only an estimated $19,915.70 of work and having never totally paid his subcontractors, Conrad provided the Bateys sworn certification and obtained a draw of $25,702.50.
Despite never resuming construction of the Bateys' house nor completely paying the subcontractors, Conrad kept the down payment and first draw.
Shortly thereafter, Conrad's subcontractors placed a mechanic's lien on the Bateys' property for the amount Conrad was supposed to have paid them, totaling $14,779.02. However, the subcontractors ultimately agreed to remove the lien for payment of only $10,000 from the Bateys.
In September 1999, Conrad was indicted on two charges: (1) grand theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(2); and (2) supplying a false affidavit to a lending institution, a second-degree misdemeanor, in violation of R.C. 1311.012(A)(1).
In November 2000, pursuant to a plea agreement, Conrad pled guilty to petty theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(2). In negotiating this plea agreement with the state, Conrad specifically agreed that sentencing would entail restitution and that the amount of restitution would be based on the trial court's determination of the Bateys' actual economic loss.
In March 2001, the trial court held a sentencing hearing. At this hearing, the state set forth what it saw as the precise amount the Bateys actually lost in contracting with Conrad: $34,786.80. This figure is the sum of all of the expenses the Bateys incurred, $54,702.50, less the estimated cost of the work Conrad completed on the house, $19,915.70.
Conrad, on the other hand, argued that restitution should be limited to $11,387.77, which is the amount set forth in a proposed repayment plan that is part of an ongoing bankruptcy proceeding he initiated in federal bankruptcy court.
Shortly thereafter, the trial court issued its decision. The lower court adopted the restitution computation of the state and ordered Conrad to pay the Bateys $34,786.80. Further, it sentenced Conrad to one hundred eighty days in jail. However, one hundred fifty of the days were suspended on the condition that Conrad comply with certain terms of a three-year probationary period. Finally, the lower court ordered Conrad to complete one hundred hours of community service.
II. The Appeal
Appellant timely filed an appeal with this Court, assigning the following errors concerning solely the trial court's order of restitution.
First Assignment of Error:
 THE COURT COMMITTED ERROR IN ORDERING oDEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $34,786.80.
Second Assignment of Error:
 THE TRIAL COURT DISCRIMINATED AGAINST THE DEFENDANT IN ORDERING RESTITUTION IN AN AMOUNT THAT THE DEFENDANT IS UNABLE TO PAY.
 A. The First Assignment of Error
In support of his First Assignment of Error, Conrad essentially makes two arguments: (1) that including restitution in the trial court's sentence was too severe; and (2) that the restitution order was not supported by the evidence. As these arguments involve different standards of review, we will address them separately.
1. Abuse of Discretion
A trial court has broad discretion in imposing a sentence on a defendant. See Columbus v. Jones (1987), 39 Ohio App.3d 87,529 N.E.2d 947. Accordingly, abuse of discretion is the proper standard of review in evaluating the severity of a sentence imposed by a trial court. See Statev. Joseph (1996), 109 Ohio App.3d 880, 673 N.E.2d 241.
The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144, 148-149.
The trial court is presumed to have acted within its discretion if the sentence is within the limits prescribed by statute. See Toledo v.Reasonover (1965), 5 Ohio St.2d 22, 213 N.E.2d 179, paragraph one of the syllabus; accord State v. Coyle (1984), 14 Ohio App.3d 185,470 N.E.2d 457, paragraph two of the syllabus.
The General Assembly has expressly provided that trial courts may require defendants to pay restitution in theft cases:
 The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense and for all or part of the value of the property that is the subject of any theft offense, as defined in [R.C. 2913.01(K)], that the person committed.
R.C. 2929.21(E) (Note that R.C. 2913.01(K) defines "theft offense" as including the section under which Conrad pled guilty, R.C. 2913.02(A)(2).).
Thus, it cannot be said that the trial court erred in ordering Conrad to pay the Bateys restitution. See Reasonover, supra; Coyle, supra. Moreover, we find this conclusion particularly palatable in light of the fact that, in negotiating his plea agreement with the state, Conrad specifically agreed that sentencing would entail restitution.
Accordingly, the pertinent inquiry becomes whether the amount the lower court ordered to be paid in restitution is adequately supported by the evidence.
2. Manifest Weight of the Evidence
In evaluating whether an order of restitution is supported by the evidence, a reviewing court must apply the manifest-weight-of-the-evidence standard. See State v. Warner (1990),55 Ohio St.3d 31, 564 N.E.2d 18.
The First District Court of Appeals, in State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717, provided a succinct explanation of this standard:
 The [appellate] court, reviewing the entire record, [should] weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. at 175, 485 N.E.2d at 717, 720-21; see Tibbs v. Florida (1982),457 U.S. 31, 42, 102 S.Ct. 2211, 2223.
Here, the trial court considered sentencing memoranda and conducted a sentencing hearing on, inter alia, the issue of restitution.
At the hearing, the state argued that restitution should be in the amount of $34,786.80. It arrived at this figure as follows.
First, the state added together all that the Bateys' had spent: the $19,000 down payment; the first draw of $25,702.50; and the $10,000 the Bateys expended in removing the subcontractors' mechanic's lien from their property. This totaled $54,702.50.
Second, the state subtracted the estimated work that Conrad had completed on the house, $19,915.70, from the foregoing sum. This resulted in a final figure of $34,786.80.
In support of this argument, the state offered the following: evidence of the down payment taken by Conrad; evidence of the draw taken by Conrad; appraisals of the value of the work done by Conrad; copies of unpaid bills from the subcontractors; and the testimony from the Bateys.
In rebuttal, Conrad's counsel argued that restitution should be limited to $11,387.77, which is the amount set forth in a proposed repayment plan that is part of an ongoing bankruptcy proceeding he initiated in federal bankruptcy court.
In support of this argument, Conrad offered no evidence. Rather, his counsel merely insisted that "anything else * * * would be unfair, would be creating a preference of priority to the other unsecured creditors[,] and * * * would not fit Mr. Conrad's punishment * * * based on what you * * * know on [sic] Mr. Conrad's life."
Clearly, the trial court simply found the state's argument to be more persuasive. See, generally, Whiteside, Ohio Appellate Practice, (2001 Ed.), 288 (explaining that deference is to be given to the trial court's factual findings because "the finder of fact has had an opportunity to observe the demeanor of the witnesses, a factor not normally preserved in the record of appeal."); Weidner v. Blazie (1994), 98 Ohio App.3d 321,648 N.E.2d 565. Indeed, not only did Conrad fail to provide evidence to counter that submitted by the state, but his argument largely involved issues wholly irrelevant to the matter before the trial court.
In sum, we find ample competent, credible evidence in the record to support the trial court's order. Accordingly, we find that the lower court's restitution order was not against the manifest weight of the evidence.
The First Assignment of Error is OVERRULED.
B. The Second Assignment of Error
In Conrad's Second Assignment of Error, he argues that he will be unable to comply with the restitution order because he will be required to commit all of his resources to the proposed plan he initiated in federal bankruptcy court. Consequently, he maintains, it is contrary to Ohio law to "jail an indigent [d]efendant solely based on an individual's inability to pay a fine."
This argument is simply not ripe for appeal. At the time this appeal was filed, Conrad had not violated any order of the trial court or any of the terms of his probation. Further, the proceedings in federal bankruptcy court are still pending.
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.'" (Citations omitted.) State ex rel. ElyriaFoundry Co. v. Indus. Comm'n of Ohio (1998), 82 Ohio St.3d 88, 89,694 N.E.2d 459, 460; see State ex rel. Hofstetter v. Kronk (1969),20 Ohio St.2d 117, 254 N.E.2d 15; see, generally, Note, State ex rel.Ohio Academy of Trial Lawyers v. Sheward: The Extraordinary Application of Extraordinary Writs and Other Issues; The Case That Never Should Have Been (2001), 29 Cap.U.L.Rev. 433, 454-455.
The Second Assignment of Error is OVERRULED.
III. Conclusion
For the foregoing reasons, we OVERRULE Conrad's assignments of error and AFFIRM the well-reasoned judgment of the Vinton County Court of Common Pleas.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.