[Cite as *State v. Coutcher*, 2021-Ohio-2620.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

    Appellee

v.

Bryan M. Coutcher

    Appellant

Court of Appeals No. L-20-1145

Trial Court No. CRA-20-03879

**DECISION AND JUDGMENT**

Decided:  July 30, 2021

* * * * *

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

### Facts and Procedural Background

{¶ 1} Appellant, Bryan Coutcher, was charged with Domestic Violence, a violation of R.C. 2919.25(A), a felony of the third degree. The charge arose from a physical altercation with his live-in girlfriend, where he pushed her against the wall and threw items at her, including a beer can. On June 30, 2020, appellant entered a plea of not

guilty. Upon recommendation of the prosecutor, the charge was amended to Domestic Violence, a violation of R.C. 2919.25, a misdemeanor of the first degree.

{¶ 2} After the charge was amended, appellant withdrew his prior plea of not guilty and entered a plea of no contest. The trial court accepted the plea, found appellant guilty, and sentenced appellant on June 30, 2020, to 180 days at Correctional Center of Northwest Ohio ("CCNO"), with credit for time served, with 90 days suspended on condition of future good behavior, drug and alcohol assessment, and completion of a domestic violence program. Appellant was also placed on two years of active probation.

{¶ 3} Appellant filed his notice of appeal on August 31, 2020. The appeal was deemed timely filed pursuant to the Ohio Supreme Court's COVID-19 Tolling Order.

**Law and Argument**

{¶ 4} Appellant sets forth the sole Assignment of Error:

I. The trial court erred in sentencing appellant to incarceration contrary to the purposes of misdemeanor sentencing

{¶ 5} Appellant argues that the trial court erred in imposing the maximum penalty without consideration of the overriding purposes of misdemeanor sentencing pursuant to R.C. 2929.21. "Trial courts enjoy broad discretion in imposing sentences for misdemeanors." *State v. Moore*, 8th Dist. Cuyahoga No. 94446, 2011-Ohio-454, ¶ 14. We cannot reverse the trial court's sentence absent an abuse of discretion. *Id.* "To merit reversal, the sentence imposed by the trial court must be unreasonable, arbitrary, or unconscionable." *Id.*

2.

{¶ 6} "Where the sentence imposed by the trial court is within the limits prescribed by statute, the court of appeals cannot hold that the trial court abused its discretion by imposing too severe of a sentence." *State v. Coyle*, 14 Ohio App.3d 185, 470 N.E.2d 457 (9th Dist.1984), paragraph two of the syllabus. Where there is no indication to the contrary in the record, the trial judge is presumed to have considered the relevant factors. *State v. Gould*, 68 Ohio App.2d 215, 217, 428 N.E.2d 866 (1st Dist.1980).

{¶ 7} R.C. 2929.21, in relevant part, provides:

(A) A court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

(B) A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's

conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

{¶ 8} Under these provisions, in order to achieve the purposes of "protecting the public from future crime and punishing the offender," the sentencing court is to "consider the offender's conduct, the impact of the offender's conduct on the victim, and the consistency of the sentence with sentences for similar offenses." *State v. Phillips*, 5th Dist. Licking No. 15–CA–51, 2016-Ohio-1216, ¶ 23.

{¶ 9} In addition, under R.C. 2929.22(B)(1) a trial court must consider the following relevant mitigating factors before imposing a sentence for a misdemeanor:

    (a)  The nature and circumstances of the offense or offenses;

    (b)  Whether the circumstances regarding the offender and the offense * * * indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

    (c)  Whether the circumstances regarding the offender and the offense * * * indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d)  Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e)  Whether the offender is likely to commit future crimes in general * * *.

{¶ 10} In *Cleveland v. Blue Spruce Entities*, 8th Dist. Cuyahoga No. 95218, 2011-Ohio-1932, ¶ 25, the court held it was not an abuse of discretion to impose the maximum penalty for a misdemeanor violation.  In that case, the trial judge included in its order a broad statement that the sentence was imposed "in light of the purposes of misdemeanor sentencing expressed in R.C. 2929.21(A)." *Id.* at ¶ 16. The court held on review that the requisite factors of law were properly considered and appellant's contentions that his sentence was based on unauthorized criteria failed in light of the evidence on the record. *Id.* at ¶ 25.

{¶ 11} Furthermore, "it is well settled that 'where the sentences are within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.' " *Id.*, quoting *State v. Crouse*, 39 Ohio App.3d 18, 20, 528 N.E.2d 1283 (2d Dist. 1987). *Accord State v. Smith*, 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21 ("Misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute.").

**{¶ 12}** In the present case, appellant was convicted of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. Under R.C. 2929.24(A)(1), a misdemeanor of the first degree is punishable by a jail term of up to 180 days. Therefore, appellant's sentence is "within the statutory limits, and the trial court is presumed to have followed the sentencing statutes applicable to this case absent evidence to the contrary." *State v. Yates*, 6th Dist. Ottawa No. OT-19-032, 2020-Ohio-2659, ¶ 20.

**{¶ 13}** Appellant argues that the imposition of a 180 day jail sentence was unreasonable in light of the victim's indication that she "still has feelings for the defendant," but "wants him held accountable for his actions on the matter." The state also noted that "the victim is not looking for any amount of jail time. They want anger management and substance abuse treatment." The judge responded by acknowledging that the city of Toledo requested substantial jail time. "A trial court need not recite or explain the sentencing factors which it considered in imposing a sentence for a misdemeanor offense." *State v. Townsend*, 6th Dist. Lucas No. L–01–1441, 2002 Ohio 4077, ¶ 6. Consequently, the trial court in the case at bar was under no obligation to inform appellant of its reasoning for imposing the maximum sentence for the first degree misdemeanor.

**{¶ 14}** Additionally, appellant has failed to point to circumstances indicating that the trial court did not consider the applicable sentencing factors or grossly abused its discretion when sentencing appellant. Appellant's history of substance abuse and issues managing anger are relevant additional circumstances that increase the likelihood of

6.

future offenses. Moreover, the victim in this case was particularly vulnerable pursuant to R.C. 2929.22(B)(1)(d), as she was blind.

{¶ 15} Appellant knowingly caused physical harm to the victim and she suffered visible injuries as a result of the assault. These factors were mentioned in the record and indeed increased the seriousness of the offense. Therefore, with regard to the mitigating factors, the nature and circumstances of the offense indicate that although the victim did not wish to see appellant go to jail, the trial court believed that the injuries and conduct that occurred was sufficiently culpable to impose a substantial amount of jail time for appellant.

{¶ 16} We find nothing unreasonable in the trial court's decision to impose a maximum sentence within the statutory limits. Appellant's sentence was reasonably calculated to achieve the overriding purposes of protecting the victim from future crimes and changing appellant's behavior pursuant to R.C. 2929.21. Further, the imposition of the sentence in the instant case is analogous to sentences imposed for similar misdemeanor offenses. *See, e.g., State v. Hill*, 6th Dist. Lucas No. WD–15–036, 2016-Ohio-7524, ¶ 17 (affirming 180 day jail sentence and $500 fine for domestic violence, a misdemeanor of the first degree); *see State v. Holsinger*, 2d Dist. Champaign No. 2019-CA-25, 2020-Ohio-5353, ¶ 33, 40 (affirming maximum jail sentence of six months, finding that domestic violence is likely to occur again where the victim and defendant desire to continue their relationship and defendant has substance abuse problems).

{¶ 17} Accordingly, appellant's sole assignment of error is found not well-taken.

7.

**Conclusion**

**{¶ 18}** For the foregoing reasons, because the trial court did not abuse its

discretion in imposing the maximum misdemeanor sentence based upon the facts of this

case, the August 19, 2020 decision of the Toledo Municipal Court is affirmed. Appellant

is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____
JUDGE

Christine E. Mayle, J.

_____
Gene A. Zmuda, P.J.
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.