The STATE of Ohio, Appellee,

v.

JOSEPH, Appellant.

[Cite as *State v. Joseph* (1996), 109 Ohio App.3d 880.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD-96-003.

Decided May 10, 1996.

*Victoria L. Smith,* for appellee.

*Richard A. Schmidt,* for appellant.

*Per Curiam.*

This is an accelerated appeal from a judgment of the Bowling Green Municipal Court which found appellant, Gene Joseph, guilty of two counts of nonsupport of his two minor children pursuant to R.C. 2919.21, a first degree misdemeanor. Joseph was sentenced to one hundred eighty days and fined $1,000 on each count; the court suspended all one hundred eighty days on one count, seventy days on the second count and the fines on both counts, ordered Joseph to serve twenty days' actual jail time on the second count, followed immediately by sixty days work release, if eligible, and ending with an additional thirty days' actual jail time. Finally, Joseph was placed on probation for five years.

Joseph appeals, stating one assignment of error:

"The trial court erred by sentencing Appellant to an extended jail term which was inappropriate, counterproductive and created an undue hardship on Appellant under the specific circumstances of this case."

In support of his assignment of error, appellant argues that the trial court's imposition of one hundred ten days of jail time is "counterproductive and inappropriate and creates an undue hardship." In essence, defendant argues that his sentence will cause him to lose his used automobile business because his special use zoning permit will be lost if his business is closed for more than thirty days. Defendant stated that the used automobile business is his sole source of income, and its loss would leave him without means to pay his child support obligation. Defendant does not explain how keeping his used car business will put him in a position to pay child support in the future, when in the past he has not made enough money from this business to meet his support obligation, because, in his own words, "To be honest, I really haven't been working very hard at it." In sum, defendant argues that if he is in jail he cannot pay his child

support, and, therefore, the court should not have given him such an extended sentence. The record indicates that defendant has a college education and at one time held an Ohio teaching certificate, which he allowed to lapse. Defendant also argues that the trial court's "empty gesture of allowing work release" after the first twenty days of jail time is not an option to him because he is indigent and cannot pay the requisite costs associated with work release.

A trial court judge has broad discretion in imposing a sentence on a defendant. *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 529 N.E.2d 947. Therefore, this court's standard of review in an appeal challenging the severity of a sentence is whether the trial court abused its discretion. In *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149, the court stated:

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."

"Where the sentence imposed by the trial court is within the limits prescribed by statute, the court of appeals cannot hold that the trial court abused its discretion by imposing too severe a sentence." *State v. Coyle* (1984), 14 Ohio App.3d 185, 14 OBR 203, 470 N.E.2d 457, paragraph two of the syllabus. However, in sentencing a defendant to jail time on a misdemeanor, the trial court judge must consider all the factors in R.C. 2929.22 and 2929.12(C). *State v. Polick* (1995), 101 Ohio App.3d 428, 655 N.E.2d 820. In the instant case, appellant's sentence was the maximum allowed for a first degree misdemeanor and was thus within the statutory limits. See R.C. 2929.21. Further, there is no indication in the record that the trial court did not consider all of the R.C. 2929.22 and 2929.12 factors in sentencing defendant. Where there is no indication to the contrary in the record, the trial court judge is presumed to have considered the factors in R.C. 2929.22. *State v. Gould* (1980), 68 Ohio App.2d 215, 217, 22 O.O.3d 344, 345, 428 N.E.2d 866, 867–868. Further, "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

We find that the trial court did not abuse its discretion in sentencing appellant, Gene Joseph, and further find the appellant's sole assignment of error not well taken. Accordingly, the decision of the Bowling Green Municipal Court is affirmed. Costs to appellant.

*Judgment affirmed.*

HANDWORK, GLASSER and ABOOD, JJ., concur.