OPINION
In this case, the State of Ohio appeals from the sentencing decision of the trial court, and raises the following single assignment of error:
I. The sentence of the trial court was contrary to law in that the trial court failed to consider factors pertaining to seriousness of the offense and the likelihood of recidivism.
After considering the facts of record and the applicable law, we find the State's assignment of error without merit. Accordingly, the judgment of the trial court is affirmed. A brief discussion of our decision follows.
On December 11, 1997, an indictment was filed in the Darke County Common Pleas Court, charging Jerry Hamilton with one count of possession of marijuana and one count of receiving stolen property. Subsequently, Hamilton appeared at a plea hearing on July 8, 1998, with his attorney, and pled guilty to possession of marijuana. In exchange, the State agreed to dismiss the second count. After informing Hamilton of potential sentences ranging from probation to sixty months in prison, as well as potential fines, the court referred the matter to the probation department for a pre-sentence investigation.
Hamilton next appeared before the court on August 18, 1998, for sentencing. According to the transcript of that hearing, the court had received and reviewed a pre-sentence investigation report from the probation department. At the hearing, the court noted that Hamilton had an "extensive record," including a December, 1997 disorderly conduct charge in Darke County, a recent conviction for using a controlled substance, a welfare fraud conviction in 1989, and a reckless operation conviction. The latter three cases took place in California. On the plus side, Hamilton was the custodian of his seven year old daughter, was employed, and had an honorable discharge, with commendations, from the Navy. At the hearing, defense counsel said many of Hamilton's difficulties had resulted from problems with his parents and siblings. Defense counsel also noted the probation department's recommendation of family and personal counseling for the emotional problems.
The pre-sentence investigation report was not originally made part of the appellate record. However, the report has been filed under seal, per our instructions, and we have reviewed it. In the report, the probation officer recommended a three-year prison sentence, and the prosecutor asked the court to adopt this recommendation. By contrast, defense counsel argued for probation. In addition to the facts mentioned above, the defense remarked on the inconsistency between the probation officer's discussion in the report and his recommendation of a prison sentence. In particular, counsel stressed the probation officer's observation that the case had no factors indicating that the offense was a serious one. In other words, nothing existed that would nullify the possibility of community control or probation. Defense counsel also pointed out that while the probation officer expressed the opinion that a good possibility of recidivism existed, nothing in the report supported that opinion. At the hearing, the defendant also expressed remorse for his conduct and how he had affected his family.
After listening to both sides, the court decided to place Hamilton on probation for three years. The court also imposed the following conditions: drug screens; completion of an I.S.P. program; continuance of current employment; evaluation by the Darke County Recovery Services; payment of court costs; a fine of $5,000; and a six-month suspension of Hamilton's drivers' license, with occupational driving privileges only. In particular, the court said, "We will take a chance on him. If not, why he will be back." And finally, on August 18, 1998, the trial court filed an entry reflecting the sentence. In the entry, the court commented that:
 The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.
The State has appealed from the trial court's decision, claiming an abuse of discretion. Under R.C. 2953.08(B), the State can appeal a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony, if the case falls within one of the grounds listed in the statute. The only ground applicable to the present case is R.C. 2953(B)(2), which allows an appeal where the sentence is contrary to law. R.C. 2953.08(G)(1) additionally gives appellate courts the following instructions:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
 (b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
 (c) That the sentence did not include a prison term, that the offense for which it was imposed is a felony of the first or second degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and either that the procedures set forth in division (D) of section 2929.13 of the Revised Code that set forth the only circumstances in which the presumption may be overridden and a sanction other than a prison term may be imposed in lieu of a prison term were not followed or that those procedures were followed but there is an insufficient basis for overriding the presumption and imposing a sanction other than a prison term for the offense;
(d) That the sentence is otherwise contrary to law.
R.C. 2953.08(G)(1)(b) does not apply to the present case because the sentence did not include a prison term. Likewise, R.C. 2953.08(G)(1)(c) does not apply because Hamilton's marijuana charge was not a first or second degree felony. Further, although Hamilton's crime was a felony drug offense, it was not one for which a presumption in favor of a prison term is specified. Specifically, Hamilton was convicted of violating R.C.2929.11(A)(C)(3)(d) (possession of marijuana in excess of 1,000 grams, but less than 5,000 grams). Under R.C. 2929.11(A)(C)(3)(d), possession is a felony of the third degree and R.C. 2929.13(C) applies in determining whether a prison term should be imposed. However, R.C.2929.13(C) is silent on the matter of presumptions, having neither a presumption in favor of a prison term nor a presumption in favor of probation.
Under the circumstances of this case and R.C. 2953.08(G), then, we may increase, reduce, or otherwise modify Hamilton's sentence, or may vacate and remand the matter for resentencing only if we clearly and convincingly find that the sentence either is unsupported by the record or is otherwise contrary to law.
Courts have disagreed whether, by enacting Am. Sub. S. B. 2, the legislature changed the "abuse of discretion" standard traditionally applied in reviewing sentencing decisions. Compare,State v. Sheppard (Nov. 7, 1997), Hamilton App. No. C961083, unreported, with State v. Assad (June 11, 1998), Cuyahoga App. Nos. 72648 and 72649, unreported. In Sheppard, the First District concluded that sentencing should no longer be reviewed under an abuse of discretion standard. By contrast, the Eighth District inAssad felt the First District's interpretation overstated the statute's reach. Id. at p. 3. In particular, the Eighth District focused on the fact that R.C. 2953.08 does not compel appellate courts to modify or vacate sentences. Instead, the statute only provides that appellate courts "may" modify or vacate sentences. As a further matter, the Eighth District relied on the fact that R.C. 2953.08 does not say what criteria should be used in declining to modify or vacate a sentence. As a result, the Eighth District concluded that R.C. 2953.08 "does not provide a general appellate standard of review governing sentencing." Id.
On the other hand, the Eighth District did seem to agree that the standard of review had been altered for appeals in which appellate courts chose to modify or vacate the trial court's felony sentencing decision. With regard to those appeals only, a "`clear and convincing' standard" would be applied. Id. at p. 4. In the Eighth District's opinion, such a standard "continues to buttress the general presumption of the regularity of the proceedings below." Id.
We believe resolution of this issue is unnecessary for purposes of the present appeal. No matter which standard is applied, the sentence of the trial court was not an abuse of discretion, nor was it clearly and convincingly unsupported by the record or contrary to the law. As has been said in many cases, "[t]he term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Joseph
(1996), 109 Ohio App.3d 880, 882 (citation omitted). By comparison:
 Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, a petitioner must prove each of its allegations, clearly and convincingly, producing "`in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"
In re Brown (1994), 98 Ohio App.3d 337, 343 (citations omitted).
After reviewing the State's arguments, we do not find that the trial court acted arbitrarily, unreasonably, or unconscionably. Additionally, the State has failed to clearly and convincingly demonstrate that the court's decision was either unsupported by the record or contrary to law. In this regard, the State's primary argument is that the trial court erred in failing to show that the factors set out in R.C. 2929.12 were considered before sentence was imposed. As proof of this fact, the State says the pre-sentence investigation report given to the court indicated that Hamilton's propensity for recidivism was more likely than less likely. Further, the State points to the transcript of the sentencing hearing, which allegedly does not reflect consideration of recidivism or severity factors. And finally, the State claims the trial court was required to explain its reasoning, rather than simply stating in a judgment entry that the statutory purposes and factors for felony sentencing were considered.
As an initial point, we do not believe the trial court had to explicitly discuss the R.C. 2929.12 factors during the sentencing hearing. In a decision issued several years before Am. Sub. S. B. 2 was adopted, the Ohio Supreme Court discussed case law that had been in effect for some time. Specifically, the court noted that:
 "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." * * * State v. Adams (1988), 37 Ohio St.3d 295, * * *. Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria.
State v. Cyrus (1992), 63 Ohio St.3d 164, 166. In Cyrus, the trial court issued a sentence and later stated that the sentencing guidelines in R.C. 2929.12 had been considered. The defendant attacked this method, but the Supreme Court held that the timing of the statement was irrelevant. In this regard, the court first remarked on the assumption outlined above, i.e., that a silent record raises a presumption that the statutory factors were considered. The court then said:
 a post-sentencing statement that the sentencing criteria were followed is surely not a greater indication of criteria violation than the silent record presumption in State v. Adams, supra.
Since a defendant must rebut the presumption that the sentencing criteria were followed where the record is silent, it follows that the defendant in the case before us should be required to challenge the content
(rather than the timing) of the trial court's statement.
Id. (emphasis in original).
Although Am. Sub. S. B. 2 substantially revised the sentencing guidelines, it did not include provisions changing or superseding the existing law outlined in Cyrus. If such a result were intended, the legislature could easily have said so. Accordingly, we reject the State's contention that the trial court's decision was an abuse of discretion or was contrary to law because the court did not specifically comment on R.C. 2929.12
during the sentencing hearing.
For the same reasons, we reject the State's claim that the trial court erred in not discussing the R.C. 2929.12 factors at length in its judgment entry. As the court implied in Cyrus, if a silent record is entitled to a presumption that the R.C. 2929.12
factors were considered, a lesser presumption cannot attach if a court expressly says it has considered the factors. Furthermore, we do not believe the type of discussion advocated by the State is required by the sentencing guidelines. For example, Cyrus
indicates that a statement in the record that the factors were considered is sufficient. 63 Ohio St.3d at 166. Other cases also have rejected challenges to sentencing in similar situations. See, State v. Brown (Dec. 4, 1998), Lucas App. No. L-97-1333, unreported (finding sentencing sufficient where trial court did not discuss factors in sentencing hearing and said in judgment entry that it had considered the R.C. 2929.12 factors); and Assad,supra (upholding sentence where trial court did not explicitly set forth its findings, and specific findings on each factor were not apparent in the record). See also, State v. Love (Aug. 14, 1998), Clark App. No. 97-CA-0043, unreported (holding that R.C. 2929.12
does not require the court to state that it considered the factors relevant to the offense and the offender when imposing sentence. "Absent a showing that a factor or factors were not considered, * * * [the appellate court] must presume all factors were considered by the trial court when it imposed sentence.")
As support for the proposition that the trial court must explain its decision when imposing a criminal sentence, the State cites State v. Brooks (Aug. 18, 1998), Franklin App. No. 97 APA 11-1543, unreported, and State v. Boss (Sept. 15, 1997) Clermont App. No. CA 96-12-107, unreported. However, these cases do not support the State's argument. To the contrary, Brooks actually validates the procedure used in the present case. Specifically, the trial court in Brooks simply indicated on the record that the pre-sentence report had been considered and that the statutory factors had been weighed. Upon appeal, this was found sufficient for purposes of R.C. 2929.11 and R.C. 2929.12. Although the court in Brooks did remand the case for further sentencing, that decision had nothing to do with the statutory factors in R.C.2929.12. Instead, the trial court had failed to find under R.C.2929.14 that the shortest prison term would demean the serousness of the offense. Id. at p. 4.
Likewise, Boss involved a situation where the court departed from statutory guidelines by imposing the maximum term for a crime. In such an instance, R.C. 2929.19(B)((2) requires a sentencing court to make a finding giving its reason for selecting the maximum sentence. Again, while the State's concern for the rights of criminal defendants like Mr. Hamilton is laudable, the requirements outlined in R.C. 2929.14 and R.C. 2919.19 for imposing the maximum prison term are not pertinent to the present case. Furthermore, the Boss court noted that even where R.C.2929.19 requires findings to be made, courts may simply use the statutory language. In this regard, the Boss court remarked that:
 in the absence of either an oral or written finding that the accused satisfies one of the necessary preconditions of R.C. 2929.14(C), a court may not impose the maximum term of imprisonment available under R.C. 2929.14(A). * * * Such a finding may be couched in terms of the direct language of R.C. 2929.14(C) or by specific reference to the code section provided there is a factual basis in the record to support the finding.
Id. at p. 3.
This brings us to the final argument of the State, i.e., that the pre-sentence investigation report did not support the trial court's decision. In the present case, the trial court explicitly said in a judgment entry that for purposes of imposing sentence, the court considered the record, oral statements, any victim impact statement and presentence report prepared, and the principles and purposes of sentencing under R.C. 2929.11. Additionally, the court said it had balanced the seriousness and recidivism factors in R.C. 2929.12.
Under R.C. 2929.12, the sentencing court has the discretion to fashion a sentence that most effectively complies with the purposes of felony sentencing set out in R.C. 2929.11. These purposes are to protect the public from future crime and to punish the offender. As we noted in State v. Sunderland (Aug. 15, 1997), Greene App. No. 97CA25, unreported, the court must consider factors relating to the seriousness of the offender's conduct [R.C. 2929.12(B) and (C)], as well as factors relating to the likelihood of recidivism [R.C. 2929.12(D) and (E)].
First, with regard to R.C. 2929.12(B), the evidence in the record does not indicate that Hamilton's conduct was more serious than conduct normally constituting the offense of possession of marijuana. Notably, the offense had no specific "victim," no apparent organized criminal activity existed, and Hamilton held no position or office involving public trust. As a result, no factors weighed negatively against Hamilton. Next, R.C. 2929.12(C) refers to evidence indicating that the defendant's conduct was less serious than conduct normally constituting the offense. Again, because no victim existed, most of the factors in this part of the statute would not apply. Specifically, the majority of the factors relate to inducement by the victim, provocation, and so forth. However, R.C. 2929.12 (C)(3) does apply in Hamilton's favor. In this context, no evidence indicated that Hamilton caused or expected his possession of marijuana to cause physical harm to persons or property. The probation report also noted this fact as one making the offense less serious. Accordingly, the evidence indicated that Hamilton's conduct was less serious than conduct normally constituting the offense.
Concerning R.C. 2929.12(D) and (E), some factors indicated that Hamilton might be more likely to commit a future offense and some did not. For example, Hamilton did have prior criminal offenses. We do note that those matters were primarily misdemeanors and that unsupervised or informal probation was granted. On the other hand, Hamilton appears to have demonstrated genuine remorse at the hearing for his actions — something the trial court would be in the best position to assess. Moreover, R.C. 2929.12(D) and (E) state that the trial court may consider any other relevant factors in determining whether the defendant is more or less likely to commit future crimes. Evidence the trial court could reasonably have found persuasive includes Hamilton's assumption of the custody of his young daughter, the fact that Hamilton was steadily employed, and the fact that the majority of Hamilton's criminal problems occurred in another jurisdiction where his parents and siblings lived. Although normally, proximity to family members might result in more of a support network and less of a tendency to commit crime, Hamilton's family situation appears to have been a negative influence. The probation report additionally indicates favorable reports from Hamilton's current employers and no disciplinary problems.
We do note that the probation officer found recidivism likely, based on Hamilton's prior convictions in California, failure to respond in the past to probation, and failure to acknowledge a pattern or drug or alcohol abuse related to the offense. However, the trial court is not bound by the probation officer's opinion. Instead, it is simply a factor to be considered, along with the other evidence before the court. Furthermore, the facts outlined in the report do not convince us that prison would be more beneficial than mental health counseling in avoiding recidivism. Of particular note is the lack of indication that any conditions were imposed in the California cases which would have helped in this regard. As we mentioned above, the California probation was either informal or unsupervised. By contrast, the trial judge in the present case imposed a number of requirements that would address the issues raised by the probation officer and would protect the public from future crime. These measures included a three-year probationary period, drug screens, completion of the I.S.P. program, and evaluation by the Darke County Recovery Services.
Based on the preceding analysis, we conclude that the trial court's decision on sentencing appropriately complied with statutory requirements. Accordingly, we find no abuse of discretion. We also do not clearly and convincingly find the sentencing decision either unsupported by the record or contrary to law. As a result, the State's single assignment of error is overruled, and the judgment of the trial court is affirmed.
GRADY, P.J., and FAIN, J., concur.