DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction entered by the Ottawa County Court of Common Pleas after defendant-appellant, Aaron R. Wilburn, was found guilty of domestic violence with a prior conviction in violation of R.C. 2919.25(A), a fifth degree felony, and domestic threatening in violation of R.C. 2919.25(C), a fourth degree misdemeanor.
Challenging his sentence, appellant now raises the following assignments of error:
 "I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT IN THAT IT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO REVISED CODE SECTIONS 2929.11 ET SEQ
 "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
On October 11, 2000, appellant was indicted and charged with one count of domestic violence with a prior conviction of domestic violence and one count of domestic threatening as a result of his actions in the early morning hours of October 5, 2000. At approximately 3:00 a.m., appellant's wife, Gwendolyn Wilburn, awoke when she heard appellant breaking a chair in the kitchen. When she asked appellant why he broke the chair, appellant slapped her across the face, then hit her with a closed fist on the back of her head and her back. Appellant had a history of domestic violence convictions and had only been released from prison on his most recent conviction on September 21, 2000. Indeed, at the time of the offenses herein, appellant was on post release control. As a result of the assault, Gwendolyn called the police and appellant was arrested. While in custody, and in the presence of officers, appellant again threatened Gwendolyn.
The case proceeded to a jury trial at the conclusion of which appellant was found guilty of the offenses as charged. The trial court entered a judgment on the jury's findings and ordered a presentence investigation, including a psychological evaluation. On February 23, 2001, the case proceeded to a sentencing hearing at the conclusion of which the court sentenced appellant to twelve months incarceration for the domestic violence conviction, the maximum possible sentence. In addition, the court sentenced appellant to a concurrent term of thirty days incarceration on the domestic threatening conviction and a consecutive term of twelve months incarceration for violating the terms of his post release control.
On February 27, 2001, the trial court filed a judgment entry of sentence consistent with the findings made at the hearing. It is from that sentence that appellant now appeals.
Appellant's assignments of error are interrelated and will be addressed together. Appellant asserts that the maximum sentence given to him by the trial court was not in compliance with the provisions of R.C. 2929.11et seq. and was against the manifest weight of the evidence.
Appellant was convicted of domestic violence with a prior conviction of domestic violence, in violation of R.C. 2919.25(A), a fifth degree felony. R.C. 2929.14(A)(5) provides that the maximum prison term for a fifth degree felony is twelve months. In sentencing an offender for a fifth degree felony, R.C. 2929.13(B)(1) directs the court to determine whether any of the following apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
"(g) The offender previously served a prison term.
 "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 "(i) The offender committed the offense while in possession of a firearm."
In addition to determining whether any of the above listed factors apply, the court must look to R.C. 2929.12 in determining an appropriate sentence. That statute provides that a sentencing court has discretion to determine the most effective way to protect the public from future crime by the offender and others and to punish the offender. Accordingly, the standard of review in an appeal challenging the severity of a sentence is whether the trial court abused its discretion. Statev. Joseph (1996), 109 Ohio App.3d 880, 882. In exercising that discretion, R.C. 2929.12(A) directs the sentencing court to consider the factors set forth in R.C. 2929.12(B) and (C), relating to the seriousness of the conduct:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(9) If the offense is a violation of section 2919.25
or a violation of section 2903.11, 2903.12, or 2903.13
of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
In addition, the court is required to consider the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism:
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not be rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
Then, if the court makes a finding pursuant to R.C. 2929.13(B)(1) and if the court, after considering the R.C. 2929.12 factors, "finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 * * * and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C. 2929.13(B)(2)(a). In determining the length of that prison term, a court may impose the longest prison term authorized for the offense "* * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." R.C.2929.14(C). In its judgment entry of sentence, the court below stated that it had considered the record, oral statements, any victim impact statement and the presentence report, as well as the principles and purposes of sentencing under R.C. 2929.11. The court further stated that it had balanced the seriousness and recidivism factors under R.C. 2929.12
and that the more serious factors outweighed the less serious factors. With regard to the seriousness factors under R.C. 2929.12(B), the court expressly found: "the relationship with the victim facilitated the offense, the Defendant abuses his wife every chance he gets, Defendant's wife suffered an offense of violence, and is still in pain, the Defendant has been a constant problem while in jail awaiting sentencing and refused efforts to perform an evaluation." The court further stated that there were no factors making appellant's conduct less serious than conduct normally constituting the offense.
In evaluating the recidivism factors, the court concluded that appellant was more likely to recidivate and expressly found that the offense was committed while appellant was on post release control, appellant has an extensive criminal history including prior prison terms, appellant has prior domestic violence convictions, appellant has a substance abuse problem that goes untreated and that appellant has never responded favorably to probation or treatment attempts in the past.
The court further found, pursuant to R.C. 2929.13(B), that appellant had caused physical harm to a person, that appellant had served a previous prison term, and that appellant was already under community control. Accordingly, the court expressly stated that appellant was not amenable to community control and that a prison term was consistent with the purposes of R.C. 2929.11. In sentencing appellant to the maximum term of twelve months imprisonment, the court found that appellant posed the "highest likelihood to recidivate and commit future offenses of violence against his wife/victim." The court then listed its reasons for imposing the longest possible term of incarceration as follows:
"1. All of the factors previously stated on the record.
"2. Defendant's prior criminal record.
"3. Defendant's multiple felony convictions.
 "4. Defendant's prior multiple Domestic Violence convictions.
 "5. Defendant's prior multiple felony Domestic Violence convictions.
"6. Defendant's prior prison sentence.
 "7. Defendant's substance abuse and chemical dependency as yet untreated which Defendant shows no interest in treatment and has failed at prior attempts to force treatment.
 "8. Circumstances of this offense, i.e., wife still suffers pain.
 "9. The Court firmly believes if Defendant is not confined for the maximum amount of time the Defendant will kill his wife."
Accordingly, it is clear that in sentencing appellant to the maximum term of incarceration, the trial court found the existence of R.C.2929.13(B)(1) factors, considered the factors set forth in R.C. 2929.12
regarding the seriousness of the conduct and the likelihood of recidivism, determined that a prison term was consistent with the principles and purposes of sentencing set forth in R.C. 2929.11 and determined that appellant was not amenable to a community control sanction. Finally, the court determined that appellant posed the greatest likelihood of recidivism. All of these findings are supported by the record. Appellant's assignments of error are therefore not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.