OPINION
Defendant-appellant, Justin Bowman, appeals the decision of the Butler County Court of Common Pleas finding him a sexual predator, and also challenges his lawyer's effectiveness, and his sentence for sexual battery and assault. We affirm the trial court's determination and judgment.
At a New Year's Eve party on January 1, 2001, in a house on Clinton Avenue in Hamilton, appellant and three co-defendants sexually assaulted Maureen C., a 26-year-old woman. Maureen C. was impaired that night because she was intoxicated from consuming alcohol at the New Year's Eve party. Appellant struck Maureen C. in the head with a man's boot and then spat upon her. Appellant then inserted a beer bottle into Maureen C.'s vagina. Appellant also manipulated Maureen C.'s body and legs while three co-defendants inserted fingers and other objects into her vagina. Appellant and his co-defendants recorded their conduct with Maureen C. on videotape.
Appellant was charged with one count of sexual battery, two counts of complicity to sexual battery, and assault. On February 21, 2001, appellant entered a guilty plea to sexual battery and assault. In the plea agreement, the state agreed to dismiss the two counts of complicity to sexual battery. Appellant was sentenced to a prison term of three years and fined $7,500. On May 18, 2001, the trial court conducted a sexual predator hearing and determined that appellant is a sexual predator. Appellant appeals that determination raising three assignments of error.
Assignment of Error No. 1
 "THE TRIAL COURT ERRED IN ADJUDGING [APPELLANT] A SEXUAL PREDATOR, AS THIS DETERMINATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues when it is not proven by clear and convincing evidence "that a defendant is likely to engage in a sexually-oriented offense in the future, it is an abuse of discretion for the trial court to adjudge him a sexual predator."
The Ohio Supreme Court has held that R.C. Chapter 2950 is remedial in nature and not punitive. State v. Cook (1998), 83 Ohio St.3d 404, 413. Accordingly, the civil manifest weight standard of review applies, which requires that the trial court's determination that a particular offender is a sexual predator be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. See C.E. Morris Co. v. Foley Constr. (1987), 54 Ohio St.2d 279,280. A reviewing court will not disturb a trial court's determination upon a sexual predator hearing on appeal as being against the manifest weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. State v. Burgess (July 10, 2000), Fayette App. No. CA99-08-021, citing State v. Fields (1995), 102 Ohio App.3d 284,287.
A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v. McCullough (Oct. 15, 2001), Fayette App. No. CA2001-02-004, 2001-Ohio-8703. Since appellant pleaded guilty to sexual battery which is a sexually oriented offense pursuant to R.C. 2907.03, the issue is whether the state has proven by clear and convincing evidence that appellant is likely to engage in future sexually oriented offenses. See State v. Cook, 83 Ohio St.3d 404, 423-424, 1998-Ohio-291. Clear and convincing evidence is "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Although the standard set forth in R.C. 2950.01(E) looks toward defendant's propensity to engage in future behavior, a trier of fact may look at past behavior as well, since past behavior is often an important indicator of future propensity. State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730, at 2, citing Kansas v. Hendricks (1997), 521 U.S. 346,358, 117 S.Ct. 2072. R.C. 2950.09(B)(2) requires the trial court to consider "all relevant factors" in making a sexual predator determination, including, but not limited to, those enumerated in the statute: "(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
The trial court reviewed the evidence and made findings under the factors listed in R.C. 2950.09(B)(2)(a), (b), (e), (g), (h), (i) and (j). Under R.C. 2950.09(B)(2)(a), the trial court noted that appellant is 21 and that "younger offenders have a higher likelihood to recidivate."
Under R.C. 2950.09(B)(2)(b), the trial court noted that appellant's prior criminal record included two counts of runaway, aggravated menacing, aggravated robbery, possession of marijuana, two counts of underage consumption, driving under suspension, three counts of DUI, menacing by stalking, failure to appear and ethnic discrimination. The trial court further noted that at least two offenses involved violence or threat of harm towards another person.
The trial court noted that while appellant did not supply the alcohol, the victim was impaired and under the influence of alcohol at the time of the incident. See R.C. 2950.09(B)(2)(e). The trial court also noted that appellant displayed cruelty toward the victim. See R.C.2950.09(B)(2)(i). Appellant was asked, "the night that this incident occurred you preyed on a female, didn't you?" Appellant answered, "No, sir, I did not." Appellant was asked, "did you not hit this female with a boot?" Appellant answered, "Yes, sir, I did." Appellant was asked, "you were rather proud of yourself, * * * and how you hit her?" Appellant answered, "Yes, sir." Appellant was asked, "[a]nd you spit on this female?" Appellant answered, "Yes, sir." Appellant was asked, "and you stuck a beer bottle in one of her private parts, correct?" He answered, "Yes, sir." Appellant was then asked, "[a]nd you don't consider that preying on a female?" Appellant answered, "No sir, I do not."
Under R.C. 2950.09(B)(2)(j), the trial court noted appellant's lack of remorse. Appellant was asked, "It's still your opinion, Sir, that this young lady is to blame, or at least share in the blame, for what happened to her that night?" Appellant answered, "Sir, I never said she was to blame. Who's to say I'm to blame? * * * My interpretation of her that night was, she was willing, consensual with it * * * I in no way forced myself on her." Appellant was asked, then "she willingly allowed you to hit her with the boot?" Appellant answered, "No, sir." Appellant was asked, "[s]he willingly allowed you to spit on her?" He answered, "No sir." Appellant was asked, "[a]nd she willingly allowed you to place a bottle into her vagina?" He answered, "That, I do not know."
Furthermore, the trial court considered appellant's own statements in his interview with Dr. Bobbie Hopes. Appellant stated, "[i]n my mind, at the time of this incident, I did not think that was wrong." Appellant also told Dr. Hopes that the incident "was funny," and "it was entertaining." The court considered the Violence Risk Appraisal Guide ("VRAG") and the Sex Offender Risk Assessment Guide ("SORAG") tests Dr. Hopes performed upon appellant. Both tests indicated a high likelihood of recidivism. Appellant scored an eight on the VRAG test where nine is the highest score for recidivism. Appellant scored a nine on the SORAG test. Nearly all those scoring a nine on the SORAG test re-offend within an average of seven years after release. In Dr. Hopes opinion, appellant is a poor candidate for sex offender treatment. Additionally, under R.C. 2950.09(B)(2)(g), the court considered appellant's mental state and directly noted that Dr. Hopes diagnosed appellant with "Anti-Social Personality Disorder" and "Psychopathic Disorders."
The R.C. 2950.09(B)(2) factors are "guidelines for the court and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730; State v. Price, Franklin App. No. 00AP-1434, 2001-Ohio-8874. Appellant's lack of a prior record for sexually oriented offenses does not diminish the potential for recidivism. See id.
Accordingly, after having reviewed the entire record, we find that appellant's sexual predator designation is not against the manifest weight of the evidence. There is sufficient evidence to support the trial court's conclusion that the state met its burden, by clear and convincing evidence, that appellant is likely to commit future sexually oriented offenses, and that after a limited weighing of the evidence there is sufficient competent, credible evidence to permit reasonable minds to find such a probability. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE SEXUAL PREDATOR PROCEDINGS [SIC]."
Appellant argues his trial counsel's failure to review the presentence investigation ("PSI") report prior to sentencing and prior to the subsequent sexual predator hearing "denied appellant his Sixth Amendment right to counsel and deprived him of a fair hearing at both the sentencing and the sexual predator hearing." Appellant claims that "had his trial counsel adequately prepared for the post-conviction hearings, counsel would have been in a position to properly address the enumerated issues of R.C. 2950.09(B)(2) as well as defend the recommendation that [appellant] be classified a sexual predator."
A sexual predator determination hearing is civil in nature, and affords no constitutional right to effective representation under theSixth Amendment; however, in such civil proceedings involving attempts to restrict a defendant's life, liberty or property, a defendant's right to counsel is guaranteed by the Fifth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment. SeeState v. Slatton, Butler App. No. CA2000-03-05, 2001-Ohio-4218. See, also, Roth v. Roth (1989), 65 Ohio App.3d 768, 776.
Appellant bears the burden of proving ineffectiveness of counsel.Statev. McNeill, 83 Ohio St.3d 438, 451, 1998-Ohio-293. To prevail on a claim of ineffective assistance of counsel, appellant must meet the test set forth in Strickland v. Washington (1984), 466 U.S. 668, 694,104 S.Ct. 2052. See State v. Xie (1992), 62 Ohio St.3d 521, 524. Appellant must first show that counsel's performance was deficient. Id. Then appellant must also show that counsel's deficient representation was prejudicial and the result of the proceeding would have been different but for counsel's deficiency. Id. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.State v. Bradley (1989), 42 Ohio St.3d 136, 142.
At the sexual predator hearing, appellant's counsel stated, "I wasn't aware that [the PSI report] was to be — going to be offered into evidence until we had pretrial in the Judge's Chambers about ten minutes ago." Appellant's counsel therefore objected to the admission of the PSI report into evidence. The objection was overruled. Appellant's counsel then asked for a recess to review the PSI report. The court allowed a 15-minute recess to give counsel the opportunity to review the PSI report. After the recess, appellant's counsel stated, "I've had an opportunity to read the PSI report, have reviewed it with my client, and I would still object to its admission into evidence." Appellant's counsel objected on the basis of hearsay in the PSI report. The court noted the objection, stated it would not consider the hearsay evidence, and the PSI report was entered into evidence.
Additionally, appellant's counsel properly addressed many of the enumerated issues of R.C. 2950.09(B)(2). Appellant's counsel objected to the state's questions regarding appellant's criminal record during appellant's cross-examination on the basis that the convictions were not of a sexually oriented nature. Appellant's counsel brought to the court's attention that Dr. Hopes' report indicated that this was not a forcible rape, therefore the base rate for recidivism was not the same as forcible rape. Appellant's counsel noted there was no indication that appellant's past history of violence was of a sexual nature. In addition, appellant's counsel noted that appellant did not supply the alcohol to the victim, and that the victim as well as appellant were both voluntarily intoxicated.
Appellant has not satisfied the first prong of Strickland because he has not shown that his lawyer's performance fell below an objective standard of reasonable representation. Furthermore, we find that upon consideration of the second prong of the Strickland test, appellant has failed to demonstrate prejudice. The record does not demonstrate that reviewing the PSI report prior to sentencing would have created a reasonable probability of a different outcome. Appellant cannot meet his burden by making bare allegations that find no support in the record. See State v. Smith (1985), 17 Ohio St.3d 98. Appellant does not present what particular evidence his counsel should have presented on his behalf which might have changed the outcome of the hearing. Consequently, we do not know if any such evidence exists. We find that appellant received effective assistance of counsel during the sexual predator proceedings. Therefore, the second assignment of error is overruled.
Assignment of Error No. 3
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO PROPERLY EVALUATE THE PRE-SENTENCE INVESTIGATION REPORT, IN PARTICULAR, BY NOT CONSIDERING APPELLANT'S ISSUES WITH SUBSTANCE ABUSE, AND BY NOT PROPERLY EXAMINING HIS RECORD; THUS, A SENTENCE IN EXCESS OF THE MINIMUM SENTENCE, WAS IMPOSED DUE TO AN ERRONEOUS FINDING THAT COMMUNITY CONTROL SANCTIONS WOULD NOT BE APPROPRIATE."
Appellant argues the trial court failed to adequately consider the factors of R.C. 2929.12 in finding him not amenable to community control sanctions and in sentencing him to a prison term in excess of the minimum term permitted.
In determining an appropriate sentence the court must look to R.C.2929.12. That statute provides that a sentencing court has discretion to determine the most effective way to punish the offender and to protect the public from future crime by the offender. See R.C. 2929.12. Accordingly, the standard of review in an appeal challenging the severity of a sentence is whether the trial court abused its discretion. Statev. Joseph (1996), 109 Ohio App.3d 880, 882.
In exercising that discretion, R.C. 2929.12(A) directs the sentencing court to consider the factors set forth in R.C. 2929.12(B) and (C), relating to the seriousness of the conduct: "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense: * * * (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense; * * * (6) The offender's relationship with the victim facilitated the offense; * * * (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
"(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense: (1) The victim induced or facilitated the offense; (2) In committing the offense, the offender acted under strong provocation; (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property; (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
In addition, the court is required to consider the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism: "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes: * * * (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code, or the offender has a history of criminal convictions; * * * (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse; (5) The offender shows no genuine remorse for the offense.
"(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes: (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child; (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense; (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years; (4) The offense was committed under circumstances not likely to recur; (5) The offender shows genuine remorse for the offense."
The court stated that appellant caused Maureen C. to suffer "physically [and] mentally, and [she] will likely continue to suffer for years to come as she puts her life back together." See R.C. 2929.13(B)(1)(a). Furthermore, the trial court stated that it considered the record, oral statements, the victim's statement and the PSI report, as well as the principles and purposes of sentencing under R.C. 2929.11. The trial court stated that after weighing the seriousness and recidivism factors under R.C. 2929.12 it found that appellant "is not amenable to community control sanctions by virtue of the fact that, that would be inappropriate. That a definite term of incarceration is necessary and appropriate." The trial court considered all relevant R.C. 2929.12
factors. Therefore, the trial court's decision was not unreasonable, arbitrary or unconscionable. Consequently, the third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.