[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} In his single assignment of error defendant-appellant, Timothy Gaines, contends that the maximum sentence of confinement imposed by the trial court, along with the condition of probation that he attend the Amend Program, was unlawfully harsh.
{¶ 3} On June 21, 1995, Gaines entered a no-contest plea to a complaint for domestic violence filed by Elaine Phillips. The trial court ordered him to attend the Amend Program, a counseling program for persons found guilty of domestic violence, and sentence was deferred to August 8, 1995. When he failed to return to court on the date ordered, the trial court, on September 13, 1995, issued a capias and warrant for Gaines's arrest. On March 28, 2002, seven years later, Gaines was in court, apparently after having been arrested on the outstanding warrant and released on his own recognizance. The trial court dismissed another pending complaint filed by Elaine Phillips, who had not appeared for trial. But, the trial court then imposed a suspended sentence on the 1995 domestic-violence charge of one hundred eighty-days' confinement with credit for time served, a $100 fine, court costs, and one year's probation. As a condition of probation, the trial court ordered that Gaines attend the Amend Program.
{¶ 4} The standard of review in a challenge to the length of a misdemeanor sentence is whether the trial court abused its discretion. See State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id.; see, also, State v. Joseph (1996),109 Ohio App.3d 880, 882, 673 N.E.2d 241.
{¶ 5} Gaines argues that, in ordering him to attend the Amend Program, the trial court did not adequately consider and weigh the fact that his relationship with Phillips had ended years ago, and that his life had changed by his marriage to another person and the birth of their children since he had entered his no-contest plea. The record, however, demonstrates that the suspended maximum sentence of confinement and the condition of probation were within the statutory limits for a first-degree misdemeanor and that the sentence conformed to the standards in R.C. 2929.22. The trial court specifically told Gaines, "But the fact is you cannot get out of a criminal sentence by skipping court * * *." Accordingly, we are not persuaded that the trial court abused its discretion in imposing Gaines's sentence. The assignment of error is overruled.
{¶ 6} Therefore, the judgment of the trial court is affirmed.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.