[Cite as *State v. Durkin*, 2014-Ohio-2247.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 MA 36 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JAMES DURKIN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:      Criminal Appeal from Youngstown
                                                      Municipal Court, Case No. 11CRB2052.


JUDGMENT:                                   Affirmed.


APPEARANCES:
For Plaintiff-Appellee:                    Attorney Dana Lantz
                                                      Prosecuting Attorney
                                                      26 South Phelps Street
                                                      Youngstown, Ohio  44503


For Defendant-Appellant:              Attorney Donna Jewell McCollum
                                                      201 East Commerce Street, Suite 346
                                                      Youngstown, Ohio  44503


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                      Dated:  May 22, 2014

[Cite as *State v. Durkin*, 2014-Ohio-2247.]
VUKOVICH, J.

{¶1} Defendant-appellant James Durkin appeals from his convictions and sentences in the Youngstown Municipal Court for four charges of theft in violation of R.C. 2913.02(A)(1), first-degree misdemeanors. Counsel filed a no-merit brief. Durkin then filed his own brief. Durkin raises two arguments – ineffective assistance of counsel and maximum sentence. Pursuant to our decision in *Toney*, in addition to examining those arguments, we will also do an independent review of the case. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶2} For the reasons expressed below, there are no appealable issues and the issues raised by Durkin are meritless. Thus, the convictions and sentences are hereby affirmed and appellate counsel's motion to withdraw is granted.

<u>Statement of Case and Facts</u>

{¶3} On October 5, 2011, four complaints were filed against Durkin. All four complaints indicated that Durkin committed theft offenses in violation of R.C. 2913.02(A)(1) against four separate victims. In the first complaint, it was alleged that he stole $900 from Eric Gaffney. 11CRBY2051. The second complaint named Lachrysha Carn as the victim and it was alleged that Durkin stole $480 from her. 11CRBY2052. Faydra Hill was named as the victim in the third complaint and it was alleged that Durkin stole $750 from her. 11CRBY2053. The fourth complaint named Mia Brown as the victim and in that complaint it was alleged that Durkin stole $4,000 from her. 11CRBY2054.

{¶4} On March 3, 2012, Durkin entered a no contest plea to each of the charges and the court found him guilty. For case numbers 11CRBY2051 and 11CRBY2053, he received 5 years of intensive probation. For the other two cases, 11CRBY2052 and 11CRBY2054, he received a 180 day jail sentence for each case and was ordered to pay the victims of those cases restitution. Those sentences were ordered to be served consecutive to each other.

{¶5} On March 12, 2013, Durkin filed a motion to withdraw his no contest pleas in case numbers 11CRBY2052 and 11CRBY2054. The trial court denied those motions the following day. 03/13/13 J.E.

**{¶6}** On March 28, 2013, Durkin filed a notice of appeal from the March 3, 2012 judgments (conviction and sentencing judgment entry), not from the March 13, 2013 judgment (denial of motion to withdraw plea judgment entry). Following his notice of appeal, he filed a motion to allow the appeal as a delayed appeal, which this court granted. 07/10/13 J.E. in 13MA36.

Analysis

**{¶7}** When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this district it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶8}** In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to

withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶9}** The no merit brief was filed by counsel on November 15, 2013. Thereafter, this court informed Durkin of counsel's no merit brief and granted him 30 days to file his own written brief. Durkin has filed a timely brief arguing that trial counsel was ineffective and that he should not have received the maximum sentence allowable by law. Therefore, in addition to our own independent review of the record, we will also address the two arguments presented by Durkin.

1. Plea

**{¶10}** Crim.R. 11 governs the advisements that must be made at plea hearing prior to accepting a no contest, guilty or not guilty plea. Misdemeanor cases involving "serious offenses" are governed by Crim.R. 11(D), while misdemeanor cases involving "petty offenses" are governed by Crim.R. 11(E). A "serious offense" includes any misdemeanor for which the penalty includes confinement for more than six months. Crim.R. 2(C). A "petty offense" is a misdemeanor other than serious offense. Crim.R. 2(D).

**{¶11}** Durkin was charged with and pled to theft in violation of R.C. 2913.02(A)(1), which is a first degree misdemeanor. R.C. 2929.24(A)(1) provides that the maximum sentence for a first-degree misdemeanor is 180 days, which is six months. Thus, the advisements in this case are governed by Crim.R. 11(E), which provides:

**(E) Misdemeanor cases involving petty offenses**

In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

Crim.R. 11.

**{¶12}** Pursuant to that rule, the trial court was required to advise Durkin of the effect of the no contest plea, which is defined by Crim.R. 11(B). *State v. Jones,* 116

Ohio St.3d 211, 2007–Ohio–6093, 877 N.E.2d 677, ¶ 20 (trial courts only are required to advise of the effect of specific plea being entered). Crim.R. 11(B) provides:

**(B) Effect of guilty or no contest pleas**

With reference to the offense or offenses to which the plea is entered:

\* \* \*

(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32.

Crim.R. 11.

**{¶13}** We have previously explained that there are three points of information in Crim.R. 11(B)(2) that must be conveyed about the effect of a no contest plea. *State v. Dosch,* 7th Dist. No. 08MA63, 2009–Ohio–6534, ¶ 12. First, that it is not an admission of guilt. *Id.* Second, that it is an admission of the truth of the facts alleged in the indictment, information, or complaint. *Id.* And, third, that the plea cannot be used against the defendant in any subsequent civil or criminal proceedings. *Id.*

**{¶14}** The test used to determine whether an advisement on the effect of the plea being entered was adequate is a substantial compliance standard. *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12. Under this standard, a slight deviation from the text of the rule is permissible as long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving," the plea may be upheld. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶15}** When the trial court does not substantially comply in regard to a nonconstitutional right, such as the effect of a no contest plea, reviewing courts must determine whether the trial court partially complied or failed to comply with the dictates of the rule in question. *State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 32. If there is partial compliance, such as mentioning mandatory post-release control without explaining it, the plea is only to be vacated if the defendant demonstrates a prejudicial effect. *Id.* The test for prejudice is "whether the plea would have otherwise been made." *Id.* quoting *Nero* at 108, 564 N.E.2d 474. However, if the trial court completely fails to comply with the rule, the plea must be vacated; a showing of prejudice is not needed to be demonstrated in that instance. *Id.* An example of complete failure to comply with the rule is failing to mention post-release control at all during the plea colloquy even though it is applicable to the defendant. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d, 1224, ¶ 22. *See also State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio 3748, 893 N.E.2d 462.

**{¶16}** We now apply this test to the facts of this case. Here, the trial court gave the following advisement concerning the effect of the no contest plea:

> THE COURT: Well, if you're pleading no contest, you are saying that you are not contesting these charges. You are allowing me to find that you're guilty of all four theft charges without going through a trial and being proven guilty. So for each of these four charges you're giving up your right to have a trial, you're giving up your right to be proven guilty by proof beyond a reasonable doubt, you're giving up your right to confront all of the evidence that the Prosecutor would have to present against you, you're giving up your right to cross examine all of the witnesses who would be called to testify against you, you're giving up your right to require any witnesses that you may have to come in here and testify on your behalf, you're giving up your right to continued representation by counsel through whatever trial proceeds there would

be and you're giving up your right not testify at your trial if you didn't want to.

Tr. 4-5.

{¶17} This advisement does not substantially comply with Crim.R. 11(B)(2) and (E) because it is not a slight deviation from the text of the rule. Specifically, this advisement does not inform the defendant that the no contest plea is not an admission of guilt or that the plea cannot be used against the defendant in any subsequent civil or criminal proceedings, the first or third points of information discussed in *Dosch.*

{¶18} However, this advisement is not a complete failure to comply with the rule, but rather is only a partial failure because the court did attempt to advise him of the effect of the no contest plea. The advisement given indicates that Durkin is permitting the trial court to find him guilty without the opportunity to present a defense. *State v. Lazazzera*, 7th Dist. No. 12MA170, 2013-Ohio-2547, ¶ 20. This expresses not only the second point of information discussed in *Dosch,* but also the essence of a no contest plea; "'The essence of the "no contest" plea, is that the accused cannot be heard in defense.'" *State ex rel. Stern v. Mascio,* 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996).

{¶19} Therefore, in order for the plea to be vacated, we must find prejudice. *Clark,* 2008–Ohio–3748 at ¶ 32.

{¶20} For the same reasons espoused in our decision in *Lazazzera*, we likewise cannot find that the deficient advisement prejudiced Durkin. It is difficult to find prejudice considering the trial court's advisement. The primary goal in giving the plea advisement is to ensure that the offender is aware of all potential adverse effects of the plea. *Lazazzera* at ¶ 24. As is shown above, Durkin was advised of the negative effect of his no contest plea—that he could be found guilty without going through a trial and without presenting a defense. "The deficiency in the advisement is the failure to advise Durkin of the beneficial effect of the plea—that it could not be used against him in any subsequent civil or criminal proceeding. If a person is not

advised of a potential beneficial effect of the plea, it is difficult to imagine a scenario where such a defendant in a traffic case sustains any prejudice for such a failure." *Id.*

**{¶21}** Furthermore, given the information that was provided to Durkin during the plea colloquy and his statements during the plea colloquy, it is also difficult to conclude that the plea would not have otherwise been entered. For instance, the trial court asked whether Durkin discussed the no contest plea with his attorney, to which he responded that he had. Tr. 4. Likewise, when asked if he understood the rights he was giving up, Durkin responded that he did. Tr. 5. Then when asked if he had any questions about "that," Durkin non-responsively answered, "I am guilty, yes." Tr. 5. Thus, he was admitting his guilt to the charges. Therefore, considering all the above, there are no appealable issues regarding the plea.

## 2. Sentencing

**{¶22}** We have previously stated that:

> "[Misdemeanor] [s]entencing is within the discretion of the trial court and ordinarily will not be disturbed absent an abuse of discretion. *State v. Wagner* (1992), 80 Ohio App.3d 88, 95, 608 N .E.2d 852, citing *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 529 N.E.2d 947. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Joseph* (1996), 109 Ohio App.3d 880, 882, 673 N.E.2d 241, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. When reviewing a sentence, an appellate court should be guided by the presumption that the trial court's findings were correct. *In the Matter Of: Michael L. Slusser* (2000), 140 Ohio App.3d 480, 487, 748 N.E.2d 105.

*State v. Robles*, 7th Dist. No. 06-MA-112, 2007-Ohio-5241, ¶70.

**{¶23}** In determining the appropriate sentence, R.C. 2929.21 and R.C. 2929.22 should be considered. R.C. 2929.21 provides the purposes and principles of misdemeanor sentencing as protecting the public from future crime by the offender and others and punishing the offender. R.C. 2929.22 lists factors to consider:

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

R.C. 2929.22(B).

{¶24} A review of the record reveals that the trial court did consider these factors. At the plea hearing, the crimes were discussed. It appears Durkin was attempting to sell houses that he claimed to own, but when the time came for closing he would not be able to transfer the deed to the property to the buyers. When the buyers demanded their money back he was unable to give it to them because he had

used it to buy drugs. There was an allegation that he did not own the houses he was purporting to sell. The record also indicates that Durkin has done this type of scam throughout the State of Ohio and that there is an outstanding debt of close to $300,000 for these types of crimes. Tr. 3. Durkin also admitted to being an addict and he claimed that his addiction was the reason why he committed these crimes.

**{¶25}** Given the facts, the trial court obviously was concerned about recidivism and deemed that the maximum penalty for two of the offenses should be imposed. For the other two offenses, the trial court ordered intensive probation. The most likely reason for intensive probation was an attempt to ensure that Durkin would stay drug free. By his own admission, his addiction is what caused these crimes. Thus, if he is able to stay drug free, potentially he might not commit these types of theft offenses.

**{¶26}** Therefore, given the record, the maximum sentence was not an abuse of discretion. There are no appealable issues concerning sentencing.

<u>Counsel's Performance</u>

**{¶27}** The last issue to discuss is Durkin's argument that trial counsel's performance was ineffective. To prove an allegation of ineffective assistance of counsel, the two-prong *Strickland* test must be met. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). First, it must be established that counsel's performance fell below an objective standard of reasonable representation. *Id.* at 687; *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, it must be shown that defendant was prejudiced by counsel's deficient performance. *Strickland* at 687. Or, in other words, it must be shown that but for counsel's errors, the result of the trial would have been different. *Bradley,* at paragraph three of the syllabus. If this court finds that either prong fails, there is no need to analyze the remaining prong because in order for ineffective assistance of counsel to be shown, both prongs must be established by appellant. *State v. Herring,* 7th Dist. No. 06JE8, 2007–Ohio–3174, ¶ 43.

**{¶28}** On the record there is nothing to suggest that counsel's performance was deficient. As discussed above, Durkin indicated that he had discussed the

matter with his attorney. Tr. 4-5. The record is devoid of any indication that Durkin was not satisfied with the representation. Furthermore, nothing in the record reveals deficient performance.

**{¶29}** Durkin argues that his counsel "tricked" him into believing that pleading was the best solution. He now claims his innocence. That allegation directly contradicts his statements at the plea hearing where he stated he "is guilty" and stated "whatever you give me I deserve." Tr. 5, 13. Therefore, even if we could find deficient performance, it is difficult to find that Durkin was prejudiced.

**{¶30}** Simply put, this record contains no indication that trial counsel was ineffective. There are no appealable issues concerning the ineffective assistance of counsel claim.

### Conclusion

**{¶31}** For the foregoing reasons, Durkin's conviction and sentence are hereby affirmed. Furthermore, as there are no appealable issues, appellate counsel's motion to withdraw is granted.

Donofrio, J., concurs.
Waite, J., concurs.