[Cite as *State v. Baker*, 2019-Ohio-1808.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TERRY ALLEN BAKER, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0021**

---

Criminal Appeal from the
County Court, Northern Division, of Belmont County, Ohio
Case No. 17CRB00748

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dan Fry*, Belmont County Prosecuting Attorney and *Atty. Kevin Flanagan*, Chief Criminal Assistant Prosecuting Attorney, Courthouse Annex No. 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee, No Brief Filed.

*Atty. John D. Falgiani, Jr.*, P.O. Box 8533, Warren, Ohio 44484 and
*Atty. Wesley A. Johnston*, P.O. Box 6041, Youngstown, Ohio 44501, for Defendant-Appellant.

Dated: May 7, 2019

---

**WAITE, P.J.**

{¶1} Appellant Terry Allen Baker, Jr. appeals a decision in the Belmont County Court, Northern Division on March 14, 2018, denying his motion to vacate a guilty plea. In this matter, Appellant argues that the trial court failed to conduct a meaningful dialogue regarding his constitutional rights at his plea hearing and that he did not have an opportunity to speak to his appointed counsel before the hearing. For the following reasons, Appellant's arguments are meritless and the judgment of the trial court is affirmed. We note that this appeal was consolidated with Appellant's appeal in case number 18 BE 0018 which is separately addressed, for ease of understanding.

Factual and Procedural History

{¶2} Some background information is necessary in this case. On March 30, 2012, Appellant was convicted on one count of conveyance of certain prohibited items onto the property of state facilities, a third degree felony. Appellant pleaded guilty in Belmont County Common Pleas Court as part of an agreement to enter drug court. Pursuant to the agreement, Appellant's sentence was held in abeyance pending his satisfactory completion of all requirements of the drug court.

{¶3} Several times between March 30, 2013 and August 1, 2014, Appellant was found to be noncompliant during his drug court reviews. In the seven instances of noncompliance, the common pleas court utilized various sanctions in an attempt to keep Appellant in the drug court program. Finally, on September 11, 2014, the state filed a motion to terminate Appellant's drug court agreement after the court again found him noncompliant for the eighth time.

Case No. 18 BE 0021

**{¶4}** When the common pleas court issued a warrant for Appellant's arrest he absconded, and the court granted the state's motion to terminate Appellant from drug court in absentia. On April 30, 2015, Appellant was located and arrested pursuant to the warrant. On May 21, 2015, the common pleas court sentenced Appellant to thirty months of incarceration, with credit for fifty-seven days served and imposed a three-year postrelease control term.

**{¶5}** On November 19, 2015, Appellant filed a motion for judicial release. The common pleas court denied that motion, but on February 23, 2016, Appellant filed a second motion for judicial release, which was granted on May 3, 2016. Appellant's sentence was amended to three years of community control and 100 hours of community service and the judgment entry specified that the balance of Appellant's original sentence would be reimposed if he violated the terms of his community control sanction.

**{¶6}** After serving a portion of his community control sanction in the Eastern Ohio Correction Center, Appellant was released to serve the remainder of his term under the supervision of the Ohio Adult Parole Authority. However, on November 17, 2017, Appellant was charged with one count of theft, a misdemeanor of the first degree in violation of R.C. 2913.02(A)(1). On January 31, 2018, Appellant pleaded guilty in the Belmont County Court, Northern Division. Although the record is limited, it appears that the charges arose from an incident at WalMart. While Appellant was also charged with unrelated domestic violence and child restraint charges during the same time period, these were later dismissed by the state. It is from this guilty plea that Appellant now appeals.

{¶7} Following this plea, on February 22, 2018, the state filed a motion to revoke Appellant's community control sanction with the common pleas court. The state alleged that Appellant violated the terms of his probation due to the instant theft conviction.

{¶8} On March 12, 2018, Appellant filed a motion to withdraw his guilty plea to the theft in the Belmont County Court. After a hearing, the trial court denied Appellant's motion.

{¶9} On March 19, 2018, the common pleas court determined that Appellant had violated his probation due to his theft conviction and sentenced Appellant to the balance of his original prison sentence for the conveyance conviction, thirty months of incarceration with credit for 563 days served.

{¶10} On March 28, 2018, Appellant filed a *pro se* motion to appeal the trial court's denial of his motion to withdraw his plea. Two days later, appointed counsel filed a timely notice of appeal. On April 4, 2018, the trial court granted Appellant's motion to stay execution of his sentence. We again note that, while appeal in this matter was consolidated with the appeal of the revocation of his community control, that appeal is addressed separately. The state failed to file a brief in either case.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

{¶11} Appellant argues that the trial court in this matter failed to conduct a meaningful dialogue with him as to his constitutional rights when entering his guilty plea. Further, Appellant argues that he was not given an opportunity to speak to his appointed

counsel before entering the plea. Because of the circumstances surrounding his case and his pending matters in common pleas court, he argues that he felt coerced into pleading guilty.

**{¶12}** "Crim.R. 11 governs the advisements that must be made at plea hearing prior to accepting a no contest, guilty or not guilty plea." *State v. Durkin*, 7th Dist. Mahoning No. 13 MA 36, 2014-Ohio-2247, ¶ 10. Crim.R. 11(D) governs misdemeanor cases that involve "serious offenses" whereas Crim.R. 11(E) governs misdemeanor cases that involve "petty offenses." Any misdemeanor with a penalty that includes confinement for more than six months constitutes a "serious offense." Crim.R. 2(C). A "petty offense" is any misdemeanor that does not rise to a serious offense. Crim.R. 2(D).

**{¶13}** Appellant pleaded guilty to theft, a misdemeanor of the first degree. The maximum penalty for a misdemeanor of the first degree is one hundred eighty days (six months), in jail. R.C. 2929.24(A)(1). As the maximum penalty is no more than six months, theft is a petty offense and the plea is governed by Crim.R. 11(E). Crim.R. 11(E) provides that a trial court "shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

**{¶14}** When informing a defendant of the effect of a plea, a trial court must comply with Crim.R. 11(B). Crim.R. 11(B) provides that:

(1) The plea of guilty is a complete admission of the defendant's guilt.

(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information,

or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim.R. 32.

{¶15} In other words, before the trial court may accept a guilty plea to a misdemeanor for a petty offense, the court must inform the defendant that a guilty plea constitutes a complete admission of guilt. *State v. Giovanni*, 7th Dist. Mahoning No. 07 MA 60, 2008-Ohio-2924, ¶ 45, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. A trial court must substantially comply with this requirement. *State v. Ramey*, 7th Dist. Mahoning No. 13 MA 64, 2014-Ohio-2345, ¶ 12, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶16} At the plea hearing, the trial court stated: "[d]o you understand that when you enter a guilty plea, you are making a complete admission of your guilt, and that you're giving up all of your Constitutional rights?" (1/31/18 Plea Hrg., pp. 8-9.) As the trial court clearly informed Appellant that his guilty plea constituted a complete admission of guilt, the court complied with Crim.R. 11(E).

{¶17} Appellant's claim that he was not given an opportunity to speak to his appointed counsel is also unsupported by the record. At an initial hearing held December 20, 2017, the trial court gave Appellant his appointed counsel's contact information and instructed him to initiate contact. Later, Appellant conceded that he did not attempt to call his appointed counsel until the day before his plea hearing. At his plea hearing, Appellant

was given the option of pleading guilty or continuing trial in order for him to have a full discussion with his counsel. The following conversation occurred at the plea hearing:

[Counsel]: Okay. If you don't want to do this, we'll have to continue it so you can talk to me.

So, I'm not forcing you to do anything, but you can resolve it with a plea. He's recommending probation, community service, there's no restitution.

Or I continue it, and you can talk to me at a later date, but before the next Court hearing.

I'm not forcing you to do that.

[Appellant]: I don't mind doing that. I just want to ask –

[Counsel]: Do you want to resolve it today?

[Appellant]: - yeah.

(1/31/18 Plea Hrg. Tr., pp. 7-8.)

{¶18} The record shows that Appellant's lack of communication with his appointed counsel was due to his own action. First, he failed to timely initiate contact. He also declined the opportunity to continue the case in order to discuss the matter more fully with his counsel. While his guilty plea in county court clearly resulted in revocation of his community control in common pleas court, Appellant's lack of diligence and his voluntary agreement to plead guilty to theft instead of asking for the matter to be continued caused

Case No. 18 BE 0021

this result. This record reveals absolutely no error on the part of the trial court. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

Conclusion

**{¶19}** Appellant argues that the trial court failed to conduct a meaningful dialogue of his constitutional rights and he did not have an opportunity to speak to his appointed counsel before his plea hearing. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the County Court, Northern Division, of Belmont County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**